UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD BLAKE SMITH,

    Petitioner,

v.

JEFFREY A UTTECHT,

    Respondent.

CASE NO. 3:20-cv-06240-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 16, 2021

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 3. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea of three counts of first-degree child molestation and one count of rape

REPORT AND RECOMMENDATION - 1

1  of a child in third degree. Dkt. 10, Exhibit 1. The judgment and sentence was entered on April

2  28, 2016. *Id.* Petitioner did not file a direct appeal or a post-conviction collateral attack. *See*

3  Dkt. 3, 10.

4  On December 22, 2020, petitioner filed this petition pursuant to § 2254. Dkts. 1, 3.

5  Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the

6  State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On

7  March 1, 2021, respondent filed the answer, wherein he argues petitioner did not seek post-

8  conviction collateral relief with the state court. Dkt. 9. Respondent argues that petitioner's claims

9  are now procedurally barred, and that the Court should dismiss the petition with prejudice. *Id.*

10  Petitioner file did not file a response. *See* Dkt.

## DISCUSSION

12  Respondent maintains that petitioner failed to exhaust the grounds raised in the petition

13  and is procedurally barred from federal review. Dkt. 9.

14      1.  *Exhaustion of State Remedies*

15  "[A] state prisoner must normally exhaust available state judicial remedies before a

16  federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

17  (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

18  afforded] a meaningful opportunity to consider allegations of legal error without interference

19  from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

20  give the state courts one full opportunity to resolve any constitutional issues by invoking one

21  complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.

22  838, 845 (1999).

1    A federal habeas petitioner must provide the state courts with a fair opportunity to correct
2  alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v.*
3  *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state
4  supreme court even though the state court did not reach the argument on the merits). It is not
5  enough if all the facts necessary to support the federal claim were before the state courts or if a
6  somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404
7  U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a
8  specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to
9  relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d
10 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state
11 remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See*
12 *Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).
13   In the petition, petitioner raises four grounds for relief asserting he is unlawfully
14 detained, and the State of Washington does not have jurisdictional authority to decide federal
15 matters. Dkt. 3.  Petitioner did file a direct appeal or collateral review. *See* Dkt. 3, 9, 10.
16 Therefore, petitioner did not give the state court a full and fair opportunity to determine if a
17 federal constitutional violation occurred when he was convicted of three counts of first-degree
18 child molestation and one count of rape pf a child. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004)
19 ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his
20 claim in each appropriate state court (including a state supreme court with powers of
21 discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v.*
22 *Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not
23 raised on every level of direct review).
24

1    In the petition, petitioner contends that the state courts do not have jurisdictional
2 authority to adjudicate this matter because it outside their authority. Dkt. 3. The Court may
3 consider an unexhausted federal habeas petition if it appears "there is an absence of available State
4 corrective process . . . or circumstances exist which render such process ineffective to protect the
5 rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is
6 an absence of available state corrective processes or circumstances exist rendering any state
7 process ineffective. Rather, petitioner appears to disagree with the exhaustion requirement and the
8 state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown that
9 there are no state court remedies available to him. Therefore, the Court concludes that all four
10 grounds raised in the petition were not properly exhausted.

11    2.   *Procedural Default*

12    Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*,
13 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal
14 claim when it is clear the state court has been presented with the federal claim but declined to
15 reach the issue for procedural reasons or it is clear the state court would hold the claim
16 procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now
17 preclude the petitioner from raising his claim at the state level, the claim is considered
18 "procedurally defaulted" and the federal courts are barred from reviewing the petition on the
19 merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

20    All four grounds raised in the petition are procedurally defaulted because if petitioner
21 attempted to seek post-conviction collateral relief in state court, the state court would find the
22 claims barred by Washington State law. Washington State imposes a one-year statute of
23 limitations on filing a personal restraint petition or other post-conviction challenges. RCW §
24

10.73.090. Petitioner did not file a direct appeal and his conviction became final for the purposes of state law on April 28, 2016, the date that the judgment and sentence was filed with the superior court clerk. Dkt. 10, Exhibit 1. The time to file a petition or motion for post-conviction relief expired one year after petitioner's conviction became final. *See* RCW 10.73.090(1), (3)(b). As the one-year statute of limitations has passed, Petitioner is barred from filing any form of collateral relief in state court. *See id.* at (1).

As petitioner would be precluded from asserting all four grounds raised in the petition in the state court, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

1  substantial disadvantage, infecting his entire trial with error of constitutional dimensions."
2  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

3       Only in an "extraordinary case" may the habeas court grant the writ without a showing of
4  cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional
5  violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477
6  U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the
7  evidence in light of new reliable evidence, the petitioner must show "it is more likely than not
8  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*
9  *Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

10       In his petition, petitioner argues that the State of Washington abrogated his constitutional
11  rights, therefore the state court did not have jurisdictional authority to adjudicate his conviction.
12  *See* Dkt. 3 at 18. However, petitioner fails to show some objective factor external prevented him
13  from complying with the State's procedural bar rule. Furthermore, petitioner has not provided
14  new, reliable evidence showing he is actually innocent. Therefore, this is not the kind of
15  extraordinary instance where this Court should review the claim despite the absence of a
16  showing of cause. Petitioner failed to show cause or prejudice to excuse his procedural default;
17  therefore, the Court is barred from reviewing all four grounds raised in the petition on the merits.

18       Accordingly, the undersigned finds that petitioner is not entitled to relief as to the
19  grounds raised in his petition and recommends the petition dismissed with prejudice. *See Casey*,
20  386 F.3d 896. Based on the foregoing, the Court declines to address respondent's alternative
21  argument that the grounds raised in the petition fail on the merits. *See* Dkt. 9.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

The Court finds that it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**CONCLUSION**

For the above stated reasons, the Court concludes all grounds raised in the petition are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice. Based on the foregoing, the Court further recommends denying the pending motion to compel (Dkt. 4) and motion for vicarious exhaustion as moot (Dkt. 5) and that a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 16, 2021 as noted in the caption.

Dated this 30th day of March, 2021.

J. Richard Creatura
Chief United States Magistrate Judge